IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ALBION INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> vs. <br><br> AMERICAN INTERNATIONAL CHEMICAL, INC., a Massachusetts corporation, et al., <br><br> Defendants. | ORDER and MEMORANDUM DECISION <br><br><br><br> Case No. 2:07-CV-994 CW |

Now before the court is Defendant AMT Labs, Inc.'s objection to Magistrate Judge Brooke C. Wells' order denying in part AMT's motion for a protective order (Dkt. No. 54). For the reasons discussed below, AMT's objection is SUSTAINED and the court modifies the order as specified.

## BACKGROUND

Plaintiff Albion International, Inc. markets mineral products. Albion has sued various defendants, including AMT, for, among other things, false advertising. AMT is one of Albion's competitors in the mineral product market. In support of its false advertising claim and other related claims, Albion alleges that none of the products that AMT markets as being chelated are actually chelated. (The court understands chelation to be a process that makes minerals more soluble.) Albion made its allegation that AMT has falsely represented products as chelated "on

information and belief." (Compl. ¶¶ 62-63.)

In its discovery requests to AMT, Albion made several requests regarding each of AMT's products that AMT markets as chelated. A dispute arose over these requests. AMT generally argued that responding to the discovery was burdensome and injurious because AMT markets 123 products as chelated, and Albion had only tested some of those products for chelation. AMT further objected that Albion would not provide the factual basis on which it had alleged that none of AMT's products were chelated. Albion asserted that it was entitled to discovery on all 123 products based on the allegations in its complaint. AMT moved for a protective order limiting discovery to the AMT products that Albion had actually tested for chelation.

At the hearing on AMT's motion, Albion stated that it had tested two AMT products to determine whether they were chelated.[1] Albion suggested that it would agree that AMT could limit its discovery responses to AMT's top ten selling products that it marketed as chelated. AMT sought to limit discovery to the two products that Albion stated that it had tested.

On January 6, 2009, Judge Wells denied AMT's motion in part. (See Dkt. No. 53.) In the order, AMT was required to produce information on ten chelated products, including the two that Albion had tested. (See id.) After the order issued, AMT provided responses with respect to the two products only, but objected to Judge Wells' order with respect to the other eight products. This court granted a stay on AMT's complying with Judge Wells' order with respect to those products until it reached a decision on AMT's objection.

---

[1] It is unclear to the court whether Albion tested only two products before filing the complaint, or whether it had tested more. In any event, Albion has only identified to the court two products that it has tested to determine if they are chelated.

## ANALYSIS

When reviewing a magistrate judge's order on a non-dispositive issue, "the district court must defer to the magistrate judge's ruling unless it is clearly erroneous or contrary to law." Hutchinson v. Pfeil, 105 F.3d 562, 566 (10th Cir. 1997), citing Fed. R. Civ. P. 72(a). To overturn a magistrate's ruling under this standard, the court must be "left with the definite and firm conviction that a mistake has been committed." Allen v. Sybase, Inc., 468 F.3d 642, 658 (10th Cir. 2006).

Here, a very recent ruling by the United State Supreme Court leaves the court with a firm conviction that the protective order should have been more limited in scope. In Ashcroft v. Iqbal, - - S.C Ct. - -, 2009 WL 1361536, *13 (May 18, 2009) the Court held that Rule 8 of the Federal Rules of Civil Procedure ended "the hyper-technical, code-pleading regime of a prior era, but [Rule 8] does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."

Upon a close reading of Albion's complaint, the court is convinced that Albion's allegation that none of the products that AMT represents as chelated are so is nothing more than a conclusion unsupported by any factual elaboration in the complaint. See id. While Albion asserts that this allegation is based on "information and belief," it makes no attempt to describe what information it has or how it formed its belief. For example, Albion did not allege in its complaint that it tested all of AMT's 123 products and found none to be chelated. Nor did it allege that it had tested a significant sample and found that none in the sample group was chelated, supporting its asserted belief that none of the remaining 123 was chelated. Nor is there

an alleged report from an insider at AMT that chelation is not occurring in any product.[2]  Instead, Albion simply asserts that none of the products are chelated.  The court does not believe that Albion's bare allegation alone can "unlock the doors of discovery."  Id.[3]

Moreover, this is not a case in which AMT is the only source of information from which Albion could obtain facts to support its conclusory allegation.  From the complaint, it is clear that Albion's allegations relate to AMT products that are available to the market.  Albion does not allege, nor has it argued, that there is some reason that Albion could not obtain samples of these products for evaluation.  Nor does Albion allege or argue that AMT's discovery responses are the only possible way to gain facts in support of Albion's conclusory allegation.  If there were some basis to believe that AMT was solely in possession of facts vital to the allegation, the court may have come to a different conclusion as to Albion's entitlement to discovery.  But in this case, Albion attempts to impose a significant discovery burden on AMT on the basis of a bare assertion with no supporting fact allegations when Albion's own efforts and expense could have provided that factual support.  The recent guidance from the Supreme Court makes it clear that a plaintiff must have more to impose such discovery burdens on a defendant.

On the other hand, AMT concedes that discovery should go forward on the two products that Albion has stated that it tested.  Accordingly, the court modifies Judge Wells' order by requiring responses only with respect to the two tested product except when the requests are of a

---

[2] Of course, the court expresses no opinion on whether these types of allegations would be sufficient to allow discovery under the Iqbal standard.  The court merely gives examples of supporting allegations that Albion could have made but did not.

[3] AMT did not moved to dismiss the counts relating to the chelation issue on this basis, though the court notes that Iqbal was decided only a week ago.  Thus, Iqbal was not available to the parties or to Judge Wells to give them guidance in this dispute.

general application as noted in that order.[4]

## ORDER

For the reasons set forth above, AMT's objection to Judge Wells' order is SUSTAINED and the order is modified as set forth above.

SO ORDERED this 28th day of May, 2009.

BY THE COURT:

_____
Clark Waddoups
United States District Judge

---

[4] Albion argues that AMT"s responses on those two products is insufficient and moves to compel AMT to provide more information and for sanctions.  Those issue are still properly before Judge Wells and the court expresses no opinion on them.