**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH CENTRAL DIVISION**

| | |
|---|---|
| ALBION INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> vs. <br><br> AMERICAN INTERNATIONAL CHEMICAL, INC., et al. <br><br> Defendants. | **ORDER AND MEMORANDUM DECISION** <br><br> Civil No. 2:07 cv 994 CW <br><br> Judge Clark Waddoups <br><br> Magistrate Judge Brooke C. Wells |

Before the court is Plaintiff Albion International, Inc.'s motion to compel and for sanctions against Defendant AMT Labs, Inc.[1]  As outlined below, Albion's motion is granted in part and denied in part.

## BACKGROUND

On March 26, 2008, Albion served the discovery requests at issue on AMT.  Following the date on which AMT's responses were due, AMT filed a motion for scheduling conference in which it sought to stagger discovery in this case.[2]  Specifically, AMT sought to conduct discovery on Albion's claims-and possibly file a motion for summary judgment-while Albion was basically barred from engaging in discovery.  Approximately two weeks after the filing of its

---

[1] Docket no. 61.
[2] Docket no. 14.

motion AMT filed objections to Plaintiff's discovery requests.[3]  And, shortly thereafter, Albion

filed a motion to compel responses to its first set of discovery requests.[4]

On August 15, 2008, the court held a hearing on AMT's scheduling requests and

Albion's motion to compel.  The court denied AMT's request to bifurcate discovery and denied

without prejudice Albion's motion to compel.  But, the court provided a deadline by which AMT

was required to respond to Albion's first discovery requests-September 22, 2008.  In an attempt

to get the parties to better communicate and cooperate with each other the court further ordered

the parties to "meet face to face and have a Rule 26 conference" within a week.  A stipulated

scheduling order was entered thereafter.

On the day its discovery responses were due, AMT filed a motion for protective order

seeking an order from this court absolving AMT from its responsibility to "respond to discovery

related to individual chelated products until Plaintiff discloses just which AMT products it has

tested for chelation, and which are therefore actually at issue in this litigation."[5]  Following a

hearing on this motion, the court ordered Albion to identify the two AMT products it tested

which gave rise to their Complaint.  The court also limited Plaintiff's first set of discovery to 10

of AMT's products-as chosen by Plaintiff Albion-rather than the 123 products for which AMT

originally requested discovery.  Thus the court limited Albion's discovery pertaining to

individual chelated products to less than ten percent of its original requests.  Finally, the court

further ordered AMT to respond to Albion's general requests such as AMT's definition of a

chelate.[6]

---

[3] Docket no. 17.
[4] Docket no. 19.
[5] Motion for Protective Order, docket no. 44.
[6] Chelation helps make minerals more soluble which in turn can help the body absorb them.

AMT objected to this court's order, but agreed to produce discovery pertaining to the two products identified by Albion-Zinc Amino Acid Chelate 15% Soluble and Iron Amino Acid Chelate 10% Soluble.  Following a stay,[7] Judge Waddoups issued a decision agreeing with AMT's objections relying on a recent Supreme Court decision, *Ashcroft v. Iqbal*.[8]  As noted by Judge Waddoups, in *Iqbal* the Supreme Court stated "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."[9]  Therefore, according to Judge Waddoups, "Albion's bare allegation"[10] of identifying only two products tested for chelation out of the 123 at issue in the Complaint, did not unlock discovery into the eight other products on which this court ordered discovery.  Accordingly, Judge Waddoups modified this court's order by "requiring responses only with respect to the two tested product [sic] except when the requests are of a general application."[11]

## ANALYSIS

Albion complains that AMT has failed to comply with its discovery obligations in regard to the two identified products and has also failed to adequately respond to the questions of general application.  Albion contends that given the "long delay and disruption"[12] AMT should be sanctioned for its conduct.

---

[7] Discovery was not stayed as to the two products identified by Albion but only to the eight other products for which this court ordered discovery.
[8] 129 S.Ct. 1937, 2009 WL 1361536 (May 18, 2009).
[9] *Id.* at 1950, 2009 WL 1261536, *13.
[10] Order dated May 28, 2009, p. 4.
[11] *Id.*, p. 4-5.  Under Judge Waddoups' standard it appears that Albion may be entitled to discovery on each product it tests for chelation.  Thus, discovery would function under a strict one-to-one standard.
[12] Mem. in Supp. p. ii.

In opposition, AMT argues that is has "attempted in good faith to respond to Albion's Discovery"[13] and comply with this court's orders.  Specifically, Defendant states that it "has fully attempted to comply with the Court's Order by providing general information when it was determined that such information was relevant to Plaintiff's discovery requests and related in some way to the two products identified."[14]  Further, Defendant has "produced testing and testing procedures that are not limited to the two products at issue but which may apply to other chelate products as well."[15]

AMT's response to the requirement to produce general information is troubling to this court.  Judge Waddoups did not limit AMT's responses to "the requests [that] are of a general application."[16]  Yet, AMT states that it has produced general information that "related in some way to the two products identified."[17]  AMT's standard is inappropriate and was rejected by both this court and Judge Waddoups.

Further, perhaps it is only a poor choice of words, but AMT responds that it has produced testing and testing procedures that "may apply to other chelate products as well."[18]  In the court's view, it is relatively easy to be much more specific than this in regards to testing and testing procedures.  The use of the word "may" leaves far too many alternatives open and appears on its face to be a lesser attempt to comply with the civil rules.  While the court presumes the good faith of all parties before it, the court nevertheless reminds counsel for both parties of its strict obligations under the federal rules.  Half-hearted efforts to comply with proper discovery requests do not result in the "just, speedy and inexpensive determination of every action and

---

[13] Op. p. 1.
[14] *Id.* at p. 3.
[15] *Id.*
[16] Order dated May 28, 2009.
[17] Op. p. 3.

proceeding"[19] and do not comply with either the spirit or letter of Rule 11.  High-level

summaries of the experiments and testing methods used along with a smattering of data simply

does not adequately comply with AMT's discovery obligations.

Accordingly, to the extent that AMT has failed to adequately answer those discovery

requests that are of a general nature AMT is ordered to supplement its responses within thirty

days from the date of this order.  AMT is not to restrict its answers to general application

discovery to the two identified products and is to fully comply with both the spirit and letter of

the Federal Rules.

Given the procedural background of this case, including the discovery boundaries set by

Judge Waddoups, the court finds it appropriate to afford AMT another opportunity to supplement

its answers to Albion's requests regarding the two specified products at issue.  AMT is given

thirty days from the date of this order to do so.  The court does not find AMT's conduct to

warrant sanctions at this time.  But, the court will consider the implementation of sanctions

should AMT's conduct warrant it in the future.

Finally, the court further orders BOTH PARTIES to meet and confer regarding discovery

and attempt to resolve differences.  For example, it appears that AMT has adequately answered

Albion's interrogatory number 1 regarding the definition of a chelate and the reference material

used for that definition.  While Albion may be unhappy with that answer and may even possess

evidence that AMT's customers use different definitions from time to time, such differences are

more properly the subject of a motion for summary judgment or to be used during depositions.

They should not, however, form the basis for continued complaints that a party failed to comply

---

[18] *Id.* (emphasis added).
[19] Fed.R.Civ.P. 1 (emphasis added).

with discovery.  Albion is reminded that although "relevancy is construed more broadly during discovery than at trial"[20] discovery is not to be a "fishing expedition"[21] or used as the golden ticket which unlocks the doors to a competitor's business.[22]

## ORDER

For the reasons set forth above, Albion's motion to compel is GRANTED in PART and DENIED in PART.  Sanctions against AMT are not entered at this time, but AMT is ORDERED to supplement its discovery responses to Albion's first set of discovery requests within thirty days.

It is further ORDERED that the parties meet and confer in good faith regarding discovery and attempt to resolve their disputes.

SO ORDERED this 19th day of June, 2009.

Brooke C. Wells
United States Magistrate Judge

---

[20] *Centurion Indus., Inc. v. Warren Steurer and Assocs. et al.*, 665 F.2d 323, 326 (10th Cir. 1981).
[21] *U.S. v. Harris*, 223 Fed.Appx. 747, 751 (10th Cir. 2007).
[22] *See Iabal*, 129 S.Ct. at 1950, 2009 WL 1261536, *13.