IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ALBION INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> vs. <br><br> AMERICAN INTERNATIONAL CHEMICAL, INC., a Massachusetts corporation, et al., <br><br> Defendants. | ORDER and MEMORANDUM DECISION <br><br><br><br><br> Case No. 2:07-CV-994 CW |

Now before the court are Plaintiff Albion International, Inc.'s motion for leave to amend its complaint and for the court (Dkt. No. 73) to it motion reconsider the order limiting discovery (Dkt. No. 75). For the reasons set for below, these motions are both GRANTED.[1]

**BACKGROUND**

In short, this is an action in which Albion asserts, among other things, that Defendants are marketing 123 products as chelates that are not actually chelates. In a previous order, the court ruled that Albion's allegation that it had tested two of the products at issue and concluded that they were not chelated was not a sufficient basis to find it plausible that none of the other 121 products were chelated. Because the court decided that it was merely a conclusion to base such

---

[1] The court has determined pursuant to DUCivR 7-1(f) that oral argument is not needed to resolve this matter.

broad allegations on such limited testing, the court ruled that Albion could not conduct discovery into any product except those two products.

Now Albion seeks to amend its complaint and asks the court to reconsider the limits that it placed on discovery. In its proposed amended complaint, Albion would make allegations that it has tested twelve products and found that none are chelated. Albion would also allege that 57 products that contain soy proteins generally cannot be chelated. Albion contends that if allowed to make these allegations, it would make their allegation that none of the products were chelated a plausible one. Defendants American International Chemical, Inc. and AMT Labs, Inc. have both opposed the motion.

## ANALYSIS

Under Federal Rule of Civil Procedure 15(a)(2), a court should "freely give leave [to amend a pleading] when justice so requires." "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993), internal quotation marks omitted).

Albion has given good reasons why it should be allowed to amend its complaint despite waiting over a year after the court ruled that discovery should be limited to seek to amend. Albion explains that the main reason for the delay is that it was a time consuming process to obtain and test the ten additional products. Until Albion had those results, it could not have alleged in good faith that those additional ten samples were not chelated based on actual tests. Though it is not clear why Albion did not make or propose to make the allegation that a soy

based product cannot generally be chelated earlier, Albion cannot be faulted for conservatively waiting until the actual testing was done before proposing to make that allegation.

In their opposition papers, AIC and AMT have not shown that allowing an amendment would cause them undue delay or undue prejudice, or that Albion is acting in bad faith or with a dilatory motive. For example, AIC argues that it would be futile for Albion to reassert the trademark infringement claim against it. But AIC only relies on its denials in discovery to make this argument. AMT also argues that Albion's refusal to provide information about the testing of the ten extra samples is evidence of bad faith. But if Albion was only testing those products to assess whether it could attempt to amend the complaint and not for use in any case-in-chief against Defendants, Albion's refusal appears to be made in good faith.

Because Albion has given good reasons that amendment should be allowed, its motion to amend is GRANTED, and its proposed amended complaint is deemed filed.

The question then becomes whether the now operative amended complaint contains sufficient allegations to convince the court that it should lift the prior restrictions on discovery. As explained below, the court believes that the amended complaint provides a basis for lifting the prior restrictions, but concludes that some limitations on discovery should nonetheless apply.

The amended complaint alleges that testing of twelve products resulted in a finding that none were chelated and that generalized knowledge about 57 products suggests that they cannot be chelated. Together, these form a plausible basis to support Albion's claim that Defendants have falsely advertised the products as "chelated." Because the order limiting discovery was premised on the conclusion that there was no plausible basis to reach that factual conclusion, the court VACATES its order of May 28, 2009 limiting discovery to two products (Dkt. No. 65).

As there is now a sufficient factual basis to support Albion's allegations about false advertising with respect to more than just the two products, the court will allow discovery on that claim with respect to the other products as well. But that discovery will not be unlimited. The amended complaint's relevant allegations about the products assert only that Defendants falsely claim that they are chelated. Discovery is therefore reopened to allow discovery on any factual basis that Defendants intend to assert at trial to support a conclusion that all of the products they have advertised as chelated are not falsely advertised and reasonable follow up on evidence produced in response to that discovery. Should such limited discovery not allow Albion to fairly respond to the Defendants' defenses, Albion may seek leave of the court for additional discovery upon a showing that a reasonable basis exists for such discovery. The parties are encouraged to consider the principles articulated in Fed.R.Civ.P. 26(b), including specifically Rule 26(b)(2)(B), as well as Fed.R.Civ.P. 37(a)(1) and (5).

The court is aware that this order will require a new fact discovery cut off date and may require other changes to the scheduling order as well. The parties are thus instructed to meet and confer about scheduling within 14 days of this Order. If the parties are able to stipulate to a revised scheduling order, they should submit that order within 21 days of this Order. If not, they should submit their separate proposed orders within that time.

On a final note, as of the date of this Order, Albion has not served Defendant Global Calcium Private Limited. Albion therefore has ten days from the date of this order to show cause why Global Calcium should not be dismissed for failure to serve pursuant to Fed.R.Civ.P. 4(m).

**ORDER**

For these reasons, Albion's motions to amend the complaint (Dkt. No. 73) and to vacate

its order limiting discovery (Dkt. No. 75) are GRANTED. Albion must also show cause why Global Calcium should not be dismissed.

SO ORDERED this 17th day of February, 2011.

BY THE COURT:

_____
Clark Waddoups
United States District Judge